UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


STEVE UPPERMAN,

     Plaintiff,

v.                                             Case No.: 2:17-cv-00348
                                               JUDGE GEORGE C. SMITH
                                               Magistrate Judge Jolson

SOUTHWEST AIRLINES CO., *et al.*,

     Defendants.


## OPINION AND ORDER

This matter is before the Court upon the Motion of Defendants Southwest Airlines Co., Tim Cavanagh, and Jeff Slicer[1] to Dismiss Plaintiff's Complaint under Federal Rules of Procedure 12(b)(1) and 12(b)(6) ("Defendants' Motion to Dismiss") (Doc. 6). The motion is fully briefed and ripe for disposition. For the following reasons, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

        **I.**         **BACKGROUND**

Plaintiff Steve Upperman was employed by Defendant Southwest Airlines Co. as a ramp agent from 2000 through 2015. (Doc. 1, Compl. ¶¶ 19, 73). In 2007, Plaintiff was diagnosed with multiple sclerosis and began using intermittent leave under the Family and Medical Leave Act (29 U.S.C. § 2601, *et seq.*, "FMLA") in connection with his illness, but was still able to perform the essential functions of his job. (*Id.* ¶¶ 23–25, 31). In 2015, however, his doctor

---

[1] Plaintiff's Complaint initially named "Mike Slicer" as an individual defendant. After consultation with Defendants, the parties determined that Jeff Slicer was in fact the individual that Plaintiff intended to name. Jeff Slicer was served with the Complaint after Southwest and Tim Cavanagh had already filed the present motion. Jeff Slicer subsequently moved to join Southwest's and Cavanagh's Motion to Dismiss (Doc. 24). Jeff Slicer's motion to join the present motion is **GRANTED**.

altered his medication dosage, causing Plaintiff to suffer intermittent debilitating side effects. (*Id.* ¶¶ 33–37).

To accommodate for these side effects, Plaintiff made requests to Jeff Slicer for changes to his schedule and to be assigned job duties that were less physically strenuous. (*Id.* ¶¶ 40, 43). Slicer denied these requests, citing concerns with union requirements, even though Plaintiff had witnessed similar accommodations being made for other non-disabled union employees. (*Id.* ¶ 41–42). Plaintiff also applied for an open Operations position that would be less physically demanding. However, Tim Cavanagh denied Plaintiff's request, citing concerns with Plaintiff's attendance. (*Id.* ¶¶ 47–51).

Ultimately, Southwest held a fact-finding hearing regarding Plaintiff's attendance and use of FMLA leave. (*Id.* ¶ 54). As a result, Southwest terminated Plaintiff's employment on August 11, 2015, due to "abuse of sick leave." (*Id.* ¶ 74).

## II. DISCUSSION

Plaintiff filed his Complaint on April 25, 2017, asserting five claims: (1) retaliation in violation of the FMLA; (2) disability discrimination in violation of the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*, "ADA"); (3) disability discrimination in violation of Ohio's antidiscrimination statute (Ohio Rev. Code § 4112.01 *et seq.*); (4) failure to accommodate in violation of the ADA, and (5) failure to accommodate in violation of § 4112.01 *et seq.*

Defendants now move to dismiss all five claims for lack of subject-matter jurisdiction under Rule 12(b)(1), arguing that all of Plaintiff's claims are pre-empted by the Railway Labor Act (45 U.S.C. § 151, *et seq.*, "RLA") and are therefore subject to mandatory arbitration as required by the RLA. Defendants further seek dismissal of Plaintiff's ADA claims under Rule 12(b)(6) due to Plaintiff's failure to exhaust his administrative remedies before filing suit. (Doc. 6). The Court will consider these arguments in turn.

## A. Lack of subject-matter jurisdiction under Rule 12(b)(1)

### 1. Standard of review

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject-matter jurisdiction. Without subject-matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject-matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990)). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

A factual attack is a challenge to the factual existence of subject-matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). The plaintiff has the burden of establishing jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Regional Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

2.  **Analysis**

Plaintiff bases subject-matter jurisdiction for this action on federal question jurisdiction under 28 U.S.C. § 1331 for his FMLA and ADA claims, and supplemental jurisdiction under 28 U.S.C. § 1367 for his state law claims. (Doc. 1, Compl. ¶ 15–16). Defendants submit that all of Plaintiff's claims are precluded or preempted by the RLA as "minor disputes" arising under the collective bargaining agreement between Southwest and the union representing Plaintiff. Defendants argue that because Plaintiff has failed to exhaust the mandatory arbitration procedures required by the RLA, this Court lacks subject-matter jurisdiction over this action. (Doc. 6, Mot. to Dismiss at 6–13).

There is a straightforward and fatal problem with Defendants' argument. The Sixth Circuit has squarely held that exhaustion of the RLA's arbitration procedures, while necessary for a court to reach the merits of an RLA minor dispute, is not jurisdictional in nature:

> While the RLA clearly precludes the federal courts from granting relief on minor disputes that have not first been brought through the RLA arbitral process, such disputes still raise a question "arising under" federal law, i.e. the RLA. *See* 45 U.S.C. § 153 First (i), (p), (q); 28 U.S.C. § 1331. So, it is "less than meticulous" to say that failure to arbitrate under the RLA deprives the courts of subject matter jurisdiction. *See Arbaugh* [*v. Y&H Corp.*, 546 U.S. 500, 511 (2006)]. Rather, the failure to arbitrate impacts the plaintiff's "'ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination.'" *Arbaugh,* 546 U.S. at 511, 126 S.Ct. 1235 (quoting 2 J. Moore et al., Moore's Federal Practice § 12.30[1], p. 12–36.1 (3d ed.2005)). Thus, we find that this Circuit's cases stating that a failure to exhaust RLA remedies in a minor dispute deprives the courts of subject matter jurisdiction "should be accorded no precedential effect." *Arbaugh,* 546 U.S. at 511, 126 S.Ct. 1235.

*Emswiler v. CSX Transp., Inc.*, 691 F.3d 782, 789–90 (6th Cir. 2012). Thus, even if it were true that all of Plaintiff's claims were precluded or preempted by the RLA (an issue the Court need not reach at this stage), Plaintiff's failure to exhaust arbitration remedies under the RLA is of no relevance to the existence of subject-matter jurisdiction under Rule 12(b)(1).

Accordingly, Defendants' motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) is **DENIED**.

B.     **Failure to state a claim under Rule 12(b)(6)**

1.     **Standard of review**

Defendants seek dismissal of Plaintiff's ADA claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiff has failed to state a claim upon which relief can be granted.

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a

recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

## 2. Analysis

Defendants assert that Plaintiff's ADA claims are barred by Plaintiff's failure to exhaust his administrative remedies prior to commencing this lawsuit. (Doc. 6, Mot. to Dismiss at 13). On this point, Defendants are correct.

It is well-settled that before bringing an ADA claim in this Court, a plaintiff must first exhaust his administrative remedies. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5; *see also Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000); *Marcum v. Oscar Mayer Foods Corp.*, 46 F. App'x 331, 333 (6th Cir. 2002) ("The exhaustion of administrative remedies is a condition precedent to an ADA action."). To exhaust administrative remedies for an ADA claim, a plaintiff must first timely file a charge of disability discrimination with the Equal Opportunity Employment Commission and/or the equivalent state agency. 42 U.S.C. § 2000e-5(e); *Williams v. Northwest Airlines*, 53 F. App'x 350, 352 (6th Cir. 2002). Only after the administrative body dismisses the charge and issues a right-to-sue letter can a plaintiff then file a civil action. *Id.* at 352, citing 42 U.S.C. § 2000e-5(f)(1). When a plaintiff "files suit prior to receiving a right to sue letter, the district court is compelled to dismiss the premature action for failure to exhaust administrative remedies." *Mitchell v. Chapman*, 343 F.3d 811, 821 n.10 (6th Cir. 2003).

Plaintiff's Complaint contains no allegations that he filed a charge with the EEOC or the Ohio Civil Rights Commission. Recognizing that he has not exhausted his administrative remedies, Plaintiff conceded in his opposition brief that his ADA claims are not viable. (Doc. 8, Mem. in Opp. at 9).

Accordingly, Defendants' motion to dismiss Plaintiff's ADA claims for failure to state a claim is **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) is **DENIED**. Defendants' Motion to Dismiss Counts 2 and 4 of the Complaint under the ADA for failure to state a viable claim under Rule 12(b)(6) is **GRANTED**.

The Clerk shall remove Documents 6 and 24 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**